UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TOM L. FOY, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) -vs- ) ) ) CAROLINA TITLE LOANS, INC., ) ) Defendant. ) _____ ) | Civil Action No.: 4:07-3956-TLW-TER **REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

This matter is before the court on Plaintiff's Motion to Remand (Document # 12), filed December 27, 2007. Defendant Carolina Title Loans, LLC, filed its Response (Document # 20) in opposition on January 14, 2008, to which Plaintiff replied (Document # 22) on January 21, 2008. A hearing was held on June 11, 2008.

**II.    FACTUAL AND PROCEDURAL HISTORY**

This is a proposed class action filed by Plaintiff alleging various state law claims, including violation of S.C. Code Ann. § 37-5-108, and breach of contract and of the covenant of good faith and fair dealing. The crux of Plaintiff's claims is that Defendant systematically entered into unconscionable title loan agreements with Plaintiff and others similarly situated without conducting an investigation into Plaintiff's ability to repay the loan and knew or should have known Plaintiff would be unable to repay the loans likely resulting in additional loans to Plaintiff, including associated interest and fees.

Plaintiff seeks certification of the following classes:

Class: All persons who currently are citizens of South Carolina, who borrowed money from Defendant in the three years preceding the filing of the complaint or who will borrow money from Defendant in the future.

Subclass: All persons who currently are citizens of South Carolina, who borrowed money from Defendant in the three year preceding the filing of this complaint whose interest rate exceeded 36% per annum.

The case was originally filed in the Horry Court of Common Pleas, and Defendant removed the case to this court under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28 of the United States Code). Plaintiff timely filed his motion to remand.

### III. DISCUSSION

CAFA vests jurisdiction in United States District Court when (1) there are 100 or more members of the alleged class; (2) minimal diversity exists among the parties; and (3) the claims of the putative class members exceed five million dollars. 28 U.S.C. §1453.

The party seeking removal carries the burden of establishing jurisdiction. Mulcahey v. Columbia Organic Chemicals, Inc., 29 F.3d 148, 151 (4th Cir. 1994). When jurisdiction is in doubt, remand is appropriate. Id. This is consistent with the clearly established law that United States Courts are courts of limited jurisdiction. Lehigh Mining & Manufacturing. Co. v. Kelly, 160 U.S. 337, 327 (1895). CAFA does not shift the burden of establishing jurisdiction from the removing party. Lowery v. Alabama Power Co., 483 F.3d 1184(11th Cir. 2007); Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994 (9th Cir. 2007); Frederico v. Home Depot, 507 F.3d 188 (3rd Cir. 2007); Blockbuster, Inc. v. Galeno, 472 F.3d 53 (2nd Cir. 2006); Morgan v. Gay, 471 F.3d 469 (3rd Cir. 2006); Smith v. Nationwide Property & Casualty Ins. Co., 505 F.3d 401, 404-05 (6th Cir. 2007);

Miedema v. Maytag Corp., 450 F.3d 1322 (11th Cir. 2006); Main Drug, Inc. v. Aetna U.S. Healthcare, Inc., 455 F.Supp.2d 1323.

The only issue before the court is whether minimal diversity exists. To establish "minimal diversity," Defendant must establish that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A).[1] Defendant asserts that it is a limited liability company organized under the laws of South Carolina with its principal place of business in Georgia and, as such, is a citizen of both states. See 28 U.S.C. § 1332(c)(1). Plaintiff is a citizen of South Carolina and, because the class definitions limit class members to citizens of South Carolina, all proposed class members would be citizens of South Carolina.[2]

Plaintiff contends that Defendant's principal place of business is in South Carolina, not Georgia, and, as such, there is no minimal diversity. Plaintiff also argues that, even if Defendant's principal place of business is in Georgia, such dual citizenship does not establish minimal diversity. Because the Court finds that minimal diversity does not exist regardless of whether Defendant's principal place of business is in Georgia, it need not reach the issue of where Defendant has its principal place of business.

---

[1] Cf. 28 U.S.C. §1332(a)(1)(diversity jurisdiction exists in an action between "citizens of different States"). Section 1331(a)(1) requires complete diversity - no plaintiff and no defendant may be citizens of the same State. Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998).

[2] A class has not yet been certified in this action. However, CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). See also 28 U.S.C. § 1332(d)(1)(D) ("the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

In the Notice of Removal (Document # 1), Defendant asserts that its citizenship in Georgia establishes minimal diversity because no class members are citizens of Georgia. Defendant cites Fuller v. Home Depot Services, LLC, C.A. No. 1:07-cv-1268-RLV, 2007 WL 2345257 (N.D.Ga. August 14, 2007) in support of its argument. Home Depot, the defendant in Fuller, was incorporated in Delaware and had its principal place of business in Georgia and the proposed class members were all citizens of Georgia. Fuller, 2007 WL 2345257 at *3. With no explanation or analysis as to how it reached its conclusion, the District Court for the Northern District of Georgia found that minimal diversity existed:

> The plaintiff's argument is that there is no diversity because all of the class members and Home Depot are citizens of Georgia. However, that does not complete the citizenship analysis. Home Depot is also a citizen of Delaware because that is its state of incorporation. 28 U.S.C. § 1332(c)(1). Consequently, even assuming that the plaintiff and all potential class members are citizens of only Georgia, the minimal diversity requirement is met here because Home Depot is a citizen of a different state-Delaware. In other words, although Home Depot is a Citizen of Geogia, it is also a citizen of Delaware and, therefore, is diverse from at least one member of the class. Thus, minimal diversity has been established.

Id. Defendant argues that "the Fuller court's sound reasoning is consistent with Congress' mandate that removal jurisdiction under CAFA be construed broadly." Def. Mem. at 2. In Chavis v. Fidelity Warranty Services, Inc., 415 F.Supp.2d 620, 625 (D.S.C. 2006), the court noted that CAFA "'is intended to expand substantially federal court jurisdiction over class actions.'" Id. (citing S.Rep. No. 109-14 at 42 (2005)).

Defendant also points to dicta in the United States Supreme Court case, Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 578 n.6 (2004), in which the Court acknowledged that the position asserted by Defendant regarding minimal diversity is possible:

> We understand "minimal diversity" to mean the existence of at least one party who is diverse in citizenship from one party on the other side of the case, even though the extraconstitutional "complete diversity" required by our cases is lacking. It is possible, though far from clear, that one can have opposing parties in a two-party case who are co-citizens, and yet have minimal Article III jurisdiction because of the multiple citizenship of one of the parties.

Id.

Plaintiff argues that the issue of minimal diversity should be resolved as contemplated by the District Court for the Western District of Missouri in Sundy v. Renewable Env. Solutions, LLC, 2007 WL 2994348 (W.D. Mo. Oct. 10, 2007). There, the court noted that the defendants, who maintained dual citizenship in Missouri and Delaware, had "failed to sustain their burden of demonstrating there is a member of the class who is neither a citizen of Missouri nor a citizen of Delaware, and have therefore failed to demonstrate federal jurisdiction exists." Sundy, 2007 WL 2994348 at *3. The court declined to adopt as a "correct statement of the law" the same argument raised by Defendant in the present case. Id. at *3 n.4.

Judge Duffy recently addressed the issue in at least two cases and concluded that dual citizenship of a defendant does not create minimal diversity under CAFA. In Johnson , et al v. Advance America, Cash Advance Centers of South Carolina, Inc., et al, C/A No. 2:07-cv-3447-PMD (D.S.C. April 25, 2008), Judge Duffy explained,

> While there is no doubt that Congress intended to expand federal jurisdiction over class action lawsuits by enacting the CAFA, and the court fully understands that minimal diversity is a separate and distinct concept from complete diversity, there is nothing in either the plain language of the statute or the legislative history that indicate that the statute goes as far as Defendant proposes. If the court were to accept Defendant's interpretation of the statute, this would only allow most large corporate entities, which are typically incorporated under the laws of Delaware but maintain principal places of business in other jurisdictions, to be sued in class action suits brought in federal court. This would be true even if the actions alleged only took place within a certain state (in this case, South Carolina), all plaintiffs and class

members were citizens of that state, and there was no significant public policy reason why the case should be considered by a federal, and not a state, court.

However, there is simply no evidence that Congress intended the CAFA to completely rewrite the most basic concepts in federal jurisdiction jurisprudence by enacting the CAFA and completely prevent corporate defendants from being sued in a class action in state court. Indeed, it would seem supremely ironic if a statute with the ostensible goal of preventing "forum shopping" allowed corporate defendants to completely deny plaintiffs access to state court class action remedies merely by incorporating under Delaware law. Therefore, the court defines minimal diversity under the CAFA as being present when a defendant is not be [sic] a citizen of the same jurisdiction as the jurisdiction in which any member of the class is a citizen. Specifically, in this case, since Defendant is a citizen of South Carolina, and all plaintiffs are also citizens of South Carolina, the court does not find that the parties are diverse merely because Defendant incorporated under the laws of Delaware.

Id. at 8-9. See also Dennison v. Carolina Payday Loans, Inc., C/A No. 2:07-cv-4016-PMD (D.S.C. May 21, 2008).

The undersigned finds Judge Duffy's analysis more persuasive. Section 1332(c)(1) provides, in part, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Section 1332(c)(1) "gives dual, not alternative, citizenship to a corporation whose principle place of business is located in a state different from the state of its corporation." 1 Fed. Proc., L.Ed. § 1:114 (citing Bank of California Nat. Ass'n v. Twin Harbors Lumber Co., 465 F.2d 489 (9th Cir. 1972); Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101 (S.D. N.Y. 1976); Salomon Englander Y CIA, Ltda v. Israel Discount Bank, Ltd., 494 F. Supp. 914 (S.D. N.Y. 1980). Defendant's approach is akin to alternative, not dual, citizenship because it essentially ignores Defendant's citizenship in South Carolina.

Furthermore, while Congress's intent to expand federal jurisdiction over class actions cannot be ignored, see Chavis, 415 F.Supp.2d at 626 (citing S.Rep. No. 109-14 at 42 (2005), 2005 U.S.C.C.A.N. 3, 40) ("CAFA was passed with the clear intention of expanding "'federal court

jurisdiction over class actions...."), Defendant's attempt to utilize § 1332(c)(1) to further expand this court's jurisdiction is unsupported by the law. This would be contrary to our limited scope of jurisdiction and our precedent of declining jurisdiction where its foundation is doubtful. Accordingly, there is no minimal diversity between the parties in this case.

Assuming, for the sake of argument, there is ambiguity in § 1332(d)(2), Plaintiff also seeks remand under 28 U.S.C. § 1332(d)(4)(B). Section 1332(d)(4)(B) requires remand where two-thirds or more of the members of the proposed class are citizens of the state in which the original case was filed and the primary defendants are citizens of the state in which the action was filed. By definition, the proposed class members are all citizens of South Carolina, where this case was originally filed. Also, without doubt, Defendant is a citizen of § 1332(c)(1). Thus, this court must decline jurisdiction under § 1332(d)(4)(B).

## IV.     CONCLUSION

In light of the above analysis, this court lacks jurisdiction or, alternatively, this court must decline jurisdiction, over this case. It is recommended that Plaintiff's Motion to Remand (Document # 12) be granted and this case be remanded back to the Horry County Court of Common Pleas for disposition.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

Florence, South Carolina  
July 16, 2008

**The parties' attention is directed to the important notice on the following page.**